IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16 B 06886 |
| | ) | |
| DEANDRA L. GREEN, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

**OBJECTION OF AMERICREDIT FINANCIAL SERVICES, INC.,
D/B/A GM FINANCIAL TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 13 PLAN**

AMERICREDIT FINANCIAL SERVICES, INC., D/B/A GM FINANCIAL ("AmeriCredit"), a creditor herein, by its attorneys, the law firm of Sorman & Frankel, Ltd., respectfully requests this Court, pursuant to Sections 1325(a)(5)(B)(iii), 1325(a)(9) and 1326(a)(1) of the Bankruptcy Code, 11 U.S.C. §§1325(a)(5)(B)(iii), 1325(a)(9), 1326(a)(1) (West 2016), and such other Sections and Rules as may apply, for its Objection to confirmation of Debtor's proposed Chapter 13 Plan, states as follows:

1. On February 29, 2016, Debtor, DeAndra L. Green ("Debtor") filed a Voluntary Petition for Relief (the "Petition") under Chapter 13 of the Bankruptcy Code and proposed Chapter 13 Plan (the "Plan"), which is scheduled for a confirmation hearing on April 25, 2016.

2. As reflected in the documents attached hereto as Exhibit "A", AmeriCredit is a secured creditor of the Debtor with respect to a certain indebtedness secured by a lien upon a 2009 Dodge Journey motor vehicle bearing a Vehicle Identification Number ("VIN") of 3D4GH57V89T146798 (the "Vehicle"). (See Ex. "A"). Debtor purchased the Vehicle on June 14, 2014, *i.e.*, less than 910 days prior to the date of commencement of these proceedings.

3. As set forth in the Retail Installment Contract (the "Contract") attached as part of Exhibit "A", Debtor was required to tender equal monthly payments to AmeriCredit, each in the sum of $306.91 with an interest rate of 14.80%. (See Ex. "A").

4. Debtor has not provided AmeriCredit or its counsel with proof of a valid insurance policy for the Vehicle identifying AmeriCredit as loss payee to protect AmeriCredit's interest in the Vehicle from loss or destruction and there remains a total outstanding balance due to AmeriCredit from Debtor in the sum of $13,079.21.

5. Notwithstanding the foregoing, Debtor's Plan identifies AmeriCredit as a secured creditor with regard to the Vehicle in the sum of only $13,498.00 with a proposed interest rate of 3.25% per annum on that portion of its claim that Debtor deems secured. (See Plan at §E.3.1(a)). Further, Debtor's Plan proposes fixed monthly payments to AmeriCredit of only $244.04. In contradiction of these provisions, however, Section G of the Plan indicates that Debtor will make direct payments to AmeriCredit.

6. Debtor's proposed Plan fails to provide payments to AmeriCredit for the present value of its claim because the Plan does not provide for adequate interest payments. Debtor's Plan proposes an interest rate of 3.25% despite AmeriCredit's per annum interest rate of 14.80% as set forth in its Proof of Claim and the Retail Installment Contract pursuant to which Debtor purchased the Vehicle (See Ex. "A").

7. The standard for determining the proper rate of interest to be paid on a secured claim has been clarified by the United States Supreme Court in Till v. SCS Credit Corp., 124 S.Ct. 1951 (2004), which held that courts must determine the appropriate rate of interest to be paid to a secured creditor in a Chapter 13 Plan by providing that creditor with a "risk adjustment" sufficient to compensate it for the added risk of the Debtor having commenced

bankruptcy proceedings. To determine the appropriate "risk adjustment", the Supreme Court held that a Court addressing this issue must consider: (1) the circumstances of the estate; (2) the nature of the security; (3) the duration of the proposed reorganization plan; (4) the feasibility of the proposed reorganization plan; and, (5) the characteristics of the loan.

8. The circumstances of Debtor's bankruptcy estate, wherein Debtor's financial condition has presumptively deteriorated since the date of purchase of the Vehicle, thus necessitating the commencement of these proceedings, clearly show that Debtor could not obtain financing at a rate lower than the 14.80% interest rate provided in the contract at issue. To the extent that Debtor's proposed Chapter 13 Plan, or any amendments thereto, does not provide AmeriCredit with a rate of interest on its secured claim equivalent to the contract rate of interest, AmeriCredit requests a hearing to determine the appropriate "risk adjustment" to apply to this Debtor and treatment of AmeriCredit's secured claim.

9. In order to comply with the mandate set forth in Section 1325(a)(5)(B)(iii) of the Bankruptcy Code, Debtor is required to propose a Plan that provides equal, fixed monthly payments to AmeriCredit in a manner sufficient to satisfy its secured claim, *i.e.*, $309.78 per month, as calculated by a secured claim value of $13,079.21 with a 14.80% interest rate amortized over sixty (60) months. (See Ex. "B").

10. AmeriCredit's security interest in the Vehicle is not adequately protected since its collateral is a depreciating asset and the Vehicle continues to decrease in value as payments are not made to AmeriCredit to compensate for same. Similarly, AmeriCredit is not adequately protected against the Vehicle's depreciation pursuant to Debtor's proposed Chapter 13 Plan because the Vehicle will continue to depreciate at a faster rate than payments are received by AmeriCredit pursuant to same.

11. As such, Debtor's Plan fails to comply with applicable provisions of the Bankruptcy Code and must provide for and satisfy the objections specified herein to be feasible and provide AmeriCredit adequate protection..

**WHEREFORE**, AmeriCredit Financial Services, Inc., d/b/a GM Financial respectfully requests this Court to enter an Order, a proposed copy of which is attached as Exhibit "C", as follows:

A. Denying Debtor's request for confirmation of the Plan;

B. Requiring that Debtor's Plan be amended to propose monthly payments to AmeriCredit towards full and complete satisfaction of a secured claim in the amount of $13,079.21 with an interest rate of 14.80% per annum, payable in equal, fixed monthly payments of $309.78; and,

C. For such other, further and different relief as this Court deems just and proper.

Respectfully submitted,

AMERICREDIT FINANCIAL SERVICES, INC.,
D/B/A GM FINANCIAL,
Creditor,

David J. Frankel (Ill. #6237097)  By: _____/s/ Cari A. Kauffman_____
Cari A. Kauffman (Ill. #6301778)            One of its attorneys
Sorman & Frankel, Ltd.
180 N. LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)